**Stacy Lynn REID, Appellant-Defendant,**

**v.**

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3–382A57.**

Court of Appeals of Indiana,
Third District.

Feb. 14, 1983.

Rehearing Denied March 3, 1983.

---

Charles A. Asher, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

1. IC 35–43–5–2 (Burns Code Ed., 1979 Repl.).

STATON, Judge.

After a bench trial, Stacy Lynn Reid was convicted of forgery, a class C felony.[1]  On appeal, Reid contends that the trial court erred in admitting her confession because it was obtained subsequent to her unreasonable seizure.

Affirmed.

Reid and her sister were at a store called Pier I Imports in Mishawaka, Indiana.  A Mishawaka police officer was called to Pier I Imports because Reid's sister had allegedly forged a check.  Because Reid's sister gave the officer inconsistent statements regarding her identity, both women were taken into custody at approximately 3:45 p.m. and driven to the Mishawaka police station.

At the police station, a warrant check on Reid revealed that she was wanted on warrants for battery, conversion, and failure to appear.  Reid was formally arrested on those warrants.  At approximately 5:30 p.m. Reid was advised of her *Miranda* rights and signed a waiver of rights form.  Reid was then questioned for approximately 15 minutes about the forgery which is the subject of this appeal.  After questioning Reid, the officers checked Reid's story against her sister's.  Reid then spoke privately with her sister.  Around 7:15 p.m. Reid was questioned again for approximately 25 minutes during which time she confessed.

Reid contends that her confession was inadmissible because it was obtained subsequent to her unreasonable seizure at Pier I Imports.

█ Without doubt, the Mishawaka police violated the Fourth and Fourteenth Amendments when, without probable cause to arrest, they took Reid into custody and drove her to the police station.  *See Dunaway v. New York* (1979), 442 U.S. 200, 206–216, 99 S.Ct. 2248, 2253–2258, 60 L.Ed.2d 824.  As the United States Supreme Court said in *Dunaway:*

"The application of the Fourth Amendment's requirement of probable cause

does not depend on whether an intrusion of this magnitude is termed an 'arrest' under state law."

*Id.,* 442 U.S. at 212, 99 S.Ct. at 2256. Reid was "seized" in the Fourth Amendment sense when she was taken into custody and driven to the police station. *Id.,* 442 U.S. at 208, 99 S.Ct. at 2253. This seizure was unreasonable under the Fourth Amendment because it was not supported by probable cause. *Id.,* 442 U.S. at 214, 99 S.Ct. at 2257.

Although Reid's initial seizure was unreasonable under the Fourth Amendment, her confession was admissible because the "causal connection" between her unreasonable seizure and her confession was "sufficiently attenuated." *Id.,* 442 U.S. at 216, 99 S.Ct. at 2258. As the United States Supreme Court has said:

"We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' Maguire, Evidence of Guilt, 221 (1959)."

*Wong Sun v. United States* (1963), 371 U.S. 471, 487–488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441.

■ Following their decision in *Wong Sun,* the United States Supreme Court, in *Brown v. Illinois* (1975), 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416, identified several factors to be considered in determining whether confessions such as Reid's are admissible. The threshold requirement is that the confession be "voluntary" under the Fifth Amendment. *Id.,* 422 U.S. at 604, 95 S.Ct. at 2262. Next to be considered is "[t]he temporal proximity of the arrest and the confession, the presence of intervening circumstances, . . ., and, particularly, the purpose and flagrancy of the official misconduct. . . ." *Id.,* 422 U.S. at 603–604, 95 S.Ct. at 2261, 2262 (citations and footnotes omitted). Finally, it should be remembered that the State has the burden of showing that the confession is admissible. *Id.,* 422 U.S. at 604, 95 S.Ct. at 2262.

■ The State carried its burden of showing that the confession was admissible. Before Reid was questioned, she was advised of her *Miranda* rights and signed a waiver of rights form. Indeed, Reid does not challenge the "voluntariness" of her confession under the Fifth Amendment. As to the "purpose and flagrancy of the official misconduct," we note that any unreasonable seizure is, in a sense, a flagrant misuse of police authority since by definition it is a seizure without probable cause. However, since the United States Supreme Court has rejected any rule excluding evidence which would not have been obtained "but for" the unreasonable seizure, *Id.,* 422 U.S. at 603, 95 S.Ct. at 2261, we must consider flagrancy of official misconduct to mean something more than the unreasonable seizure itself. Our review of the record reveals no such additional flagrancy.

In *Brown,* the United States Supreme Court also reviewed the unreasonable seizure to determine if it had a "quality of purposefulness." *Id.,* 422 U.S. at 605, 95 S.Ct. at 2262. For example, was the unreasonable seizure merely an investigatory expedition used to gain information about the crime for which the defendant was convicted? *Id.* Was it "calculated to cause surprise, fright, and confusion?" *Id.* A review of the evidence presented leaves no such indication.

Finally, and most importantly here, before she confessed, she had been formally arrested on three outstanding warrants. She does not challenge the propriety of these arrests. Therefore, Reid was properly in custody at the time of her confession.

Under the facts of this case we find that Reid's arrest based on outstanding warrants, along with her private conversation with her sister, were sufficient intervening circumstances to purge the confession of the primary taint of the unreasonable seizure. While we in no way condone Reid's

unreasonable seizure, we find her confession properly admissible under *Brown* and its progeny.

Affirmed.

HOFFMAN, P.J., concurs with opinion.

GARRARD, J., concurs in result and concurs in concurring opinion of HOFFMAN, P.J.

HOFFMAN, Presiding Judge, concurring.

I concur with the majority's opinion in this case; however, I must take issue with one statement contained therein. The majority contends that, "Without doubt, the Mishawaka police violated the Fourth and Fourteenth Amendments when, without probable cause to arrest, they took Reid into custody and drove her to the police station." *Majority slip opinion*, p. 1248.

I am not convinced that the arrest was illegal. The conduct of the officer was not particularly flagrant nor did he have some evil purpose in mind since the activity of the women was questionable.

However, since this is irrelevant to a proper consideration of the issue presented in this case, the statement made by the majority does not affect my vote.